

Alvin C. Lin
Partner
(212) 735–8873
alin@morrisoncohen.com

March 30, 2026

**<u>VIA ECF</u>**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      RE:    Dumbo Moving & Storage, Inc. ("Dumbo") v. Piece of Cake Moving & Storage LLC ("POC"), 1:26-cv-01378 (the "Action")

Dear Judge Ramos:

We represent Defendant POC in this Action. In accordance with Rule 2A of your Individual Practices, we respectfully request a pre-motion conference regarding POC's proposed motion to dismiss the First Amended Complaint (ECF No. 14) ("AC") pursuant to Fed. R. Civ. P. 12(b)(6).

The parties are direct competitors in the professional moving business. Plaintiff's primary grievance is that POC has grown its business in NYC by offering lower prices. Plaintiff alleges that this must constitute predatory pricing in violation of the anti-trust laws as well as deceptive trade practices and false advertising. The AC alleges causes of action for: (i) anti-trust violations under the Sherman Act and Donnelly Act for conspiring with third-parties to restrain competition (first, second, fourth, fifth and sixth claims), (ii) anti-trust violations for attempted monopolization and predatory pricing under the Sherman Act and the Donnelly Act (third and seventh causes of action), (iii) violations of N.Y. General Business Law Section 349 (eighth, ninth, twelfth and fourteenth claims) and (iv) violation of N.Y. General Business Law Section 350 (tenth, eleventh and thirteenth claims). The primary grounds for Defendant's motion are summarized as follows:[1]

*1.    Sherman Act Section 2 and Donnelly Act (Attempted Monopolization)*

Plaintiff alleges that POC attempted to obtain a monopoly by price-cutting, "charging below market prices as well as overpaying for necessary goods and services" to "drive competition out of the market." (AC ¶¶1, 123, 125). However, the AC fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[P]rice cutting, … is not a violation of Section 2 unless it has a significant anticompetitive effect – i.e., it augurs the willful acquisition, maintenance, or exploitation of monopoly power." *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 447 (S.D.N.Y. 2020); *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 340 (1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 594 (1986) ("[C]utting prices in order to increase business often is the very essence of competition."). Plaintiff must, but cannot, show a "dangerous probability" that defendant will recoup the alleged losses." *Nirvana, Inc. v. Nestle Waters N. Am.*

---

[1] In view of the overwhelming amount of law supporting dismissal, for purposes of this pre-motion request we provide only a very brief overview of the factual reasons why Plaintiff's pleading fails under FRCP 12(b)(6).

**Morrison Cohen**

The Honorable Edgardo Ramos
March 30, 2026
Page 2

*Inc.*, 123 F. Supp.3d 357, 373 (N.D.N.Y. 2015) (dismissing claim where no danger of recoupment for sale of bottled water); *City of Long Beach*, 465 F.Supp.3d at 447; *Affinity LLC v. GfK Mediamark Rsch. & Intel.*, LLC, No. 12 Civ. 1728(RJS), 2013 WL 1189317, at *6 (S.D.N.Y. Mar. 25, 2013), aff'd, 547 F. App'x 54 (2d Cir. 2013).

Plaintiff cannot salvage its monopoly claims by alleging labor law violations. *See, e.g., N.A.A.C.P. v. N.Y. Clearing House Ass'n*, 431 F. Supp. 405, 411 (S.D.N.Y. 1977) (plaintiff lacked standing to bring discrimination claims "presented in the guise of a Sherman Act violation"). Plaintiff has not alleged anti-trust injury arising from the purported labor law violations. *See Atl. Richfield Co.*, 495 U.S at 340 ("Low prices benefit consumers regardless of how those prices are set [as] they do not threaten competition."). In any event, anti-trust laws were not intended to address violations of other statutes.

*2.      Sherman Anti-Trust Act Section 1 and Donnelly Act (Conspiracies)*

Plaintiff fails to allege claims under Section 1 of the Sherman Act and the Donnelly Act based on conspiracies with third-parties. 15 U.S.C. § 1, N.Y. Gen. Bus. Law § 340. Plaintiff must show (1) concerted action; (2) by two or more persons; (3) that unreasonably restrains interstate or foreign trade or commerce. *Cap. Imaging Assoc., P.C. v. Mohawk Valley Med. Assoc., Inc.,* 996 F.2d 537, 542 (2d Cir. 1993), *cert. denied,* 510 U.S. 947 (1993); *Three Crown Ltd. P'ship v. Caxton Corp.,* 817 F.Supp. 1033, 1047 (S.D.N.Y.1993). The AC fails to allege the existence of illegal agreements. *LaFlamme v. Societe Air France*, 702 F. Supp. 2d 136, 146-147, 150 (E.D.N.Y. 2010). Allegations of "parallel conduct unfavorable to competition" without "factual context suggesting agreement" are insufficient. *Twombly,*550 U.S. at 548; *Tese–Milner v. Diamond Trading Co., Ltd.*, No. 04–CV–5203, 2011 WL 4501336, at *5 (S.D.N.Y. Sept. 29, 2011).

Plaintiff also fails to allege that the purported agreements' purpose and effect is to substantially reduce competition in the defined market. *See, e.g., Tops Mkts. Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 96 (2d Cir. 1998); *Frangipani v. HBO*, No. 08 Civ. 5675(GBD), 2010 WL 1253609, at *4 (S.D.N.Y. March 16, 2010). Plaintiff alleges that POC conspired with apartment managers to be considered a "preferred" mover (AC ¶¶ 31, 42), but exclusive agreements are presumptively procompetitive unless "performance of the contract will foreclose competition in a substantial share of the market." *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 327 (1961); *Maxon Hyundai Mazda v. Carfax, Inc.*, No. 13–cv–2680 (AJN), 2014 WL 498826, at *10 (S.D.N.Y. Sept 29, 2014) (contracts "short in duration and terminable at will" do not pose a threat of foreclosing enough of the market). Plaintiff also alleges that POC has an agreement with Yelp to exclude competitors from advertising on the platform (AC ¶142). Plaintiff has failed to allege that either arrangement, even if true, would have a substantial effect on the market. *Dial Corp. v. News Corp.*, 165 F. Supp.3d 25, 32-33 (S.D.N.Y. 2016); *Tops Mkts. Inc.*, 142 F.3d at 96; *Frangipani*, 2010 WL 1253609, at *4.

Plaintiff's other alleged conspiracies with owner-operators and NYC officials fail because Dumbo does not even identify the co-conspirators (AC ¶¶ 114, 150), thereby failing to allege concerted action. *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. MD 06-1775(JG)(VVP),

 Morrison Cohen

The Honorable Edgardo Ramos
March 30, 2026
Page 3

2008 WL 5958061, at *5 (E.D.N.Y. Sept. 26, 2008), report and recommendation adopted in part, No. 06-MD-1775(JG)(VVP), 2009 WL 3443405 (E.D.N.Y. Aug. 21, 2009), aff'd, 697 F.3d 154 (2d Cir. 2012); *see also Tese–Milner*, 2011 WL 4501336, at *5. Plaintiff also fails to allege market impact. *See, e.g., Tops Mkts. Inc.*, 142 F.3d at 96; *Frangipani v. HBO*, 2010 WL 1253609, at *4. Plaintiff's anti-trust claims also fail because there is no antitrust injury. *World Wrestling Ent., Inc. v. Jakks Pac., Inc.*, 425 F.Supp.2d 484, 521 (S.D.N.Y. 2006). *Cont'l Orthopedic Appliances, Inc. v. Health Ins. Plan of Greater N.Y., Inc.*, 198 F.R.D. 41, 46 (E.D.N.Y.2000).

3.      *NY Deceptive Trade Practices (GBL 349); NY False Advertising (GBL 350)*

Claims under Sections 349 and 350 are subject to dismissal if they do not allege "consumer injury or harm to the public interest." *See, e.g., Merck Eprova AG. v. Gnosis S.p.A.*, 901 F. Supp.2d 436, 456-57 (S.D.N.Y. 2012) (dismissing 349/350 claims where allegations focused "on losses suffered by [plaintiff] itself, not to…harm suffered by the public at large.") (quoting *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F.Supp. 1084, 1089 n. 6 (S.D.N.Y.1988)); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp.2d 269, 273 (S.D.N.Y. 2003); *Vitolo v. Mentor H/S, Inc.*, 426 F. Supp.2d 28, 33-34 (E.D.N.Y. 2006) (quoting *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)). A claim of false advertising under NYGBL §350 ("§350") "must meet all of the same elements as a claim under [NYGBL] Section 349, and the plaintiff must further demonstrate proof of actual reliance." *Merck Eprova AG v. Brookstone Pharm., LLC*, 920 F.Supp.2d 404, 425 (S.D.N.Y. 2013).

Plaintiff's GBL claims fail to allege consumer-oriented conduct that is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Tomasino v. Estee Lauder Companies Inc*., 44 F. Supp.3d 251, 257 (E.D.N.Y. 2014) (quoting *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000)); *Dwyer v. Allbirds, Inc*., 598 F. Supp. 3d 137, 148 (S.D.N.Y. 2022); *Brownell v. Starbucks Coffee Co.*, 681 F.Supp.3d 27, 36 (N.D.N.Y. 2023). Plaintiff also fails to allege a plausible cognizable injury of "actual or pecuniary harm that is separate and apart from the alleged deception itself." *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp.3d 102, 113 (E.D.N.Y. 2020). Plaintiff solely alleges damages for lost customers and business (AC ¶¶ 170, 176, 181, 186, 191, 196, 201), and not redress from consumer-oriented conduct and harm. *See generally RFP LLC v. SCVNGR, Inc.*, 788 F. Supp.2d 191 (S.D.N.Y. 2011). A plaintiff cannot recover for such an alleged derivative or remote injury. *PharmacyChecker.com v. Nat'l Ass'n of Bds. of Pharmacy,* 629 F. Supp.3d 116, 132-33 (S.D.N.Y. 2022); *Voters for Animal Rights v. D'Artagnan, Inc., No. 19-CV-6158,* 2021 WL 1138017, at *7-8 (E.D.N.Y. Mar. 25, 2021).

For the foregoing reasons, POC respectfully requests a pre-motion conference and permission to move to dismiss the AC pursuant to Fed. R. Civ. P. 12(b)(6).

> Respectfully submitted,
> */s/ Alvin C. Lin*
> Alvin C. Lin

cc:      all counsel of record (via ECF)